FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 16 2018 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

ISAAC LEVIN, et al.,

                            Plaintiffs,

          -against-

AMERICAN DOCUMENT SERVICES, LLC, et al.,

                            Defendants.

-----------------------------------------------------------------X

ORDER
17-CV-1285 (JFB) (AYS)

JOSEPH F. BIANCO, District Judge:

On July 6, 2017, *pro se* plaintiffs Isaac Levin and Ofra Levin ("plaintiffs") filed an amended complaint in this action against defendants American Document Services, LLC ("ADS"), Todd C. Johnson ("Johnson"), Joyce Breuninger ("Breuninger," and together with Johnson, the "individual defendants"), Black Knight InfoServ, LLC, formerly known as Lender Processing Services, Inc. ("LPS"), DocX, LLC ("DocX"), Black Knight Financial Services ("Black Knight"), and Wells Fargo Bank, N.A., as Trustee for Option One Mortgage Loan Trust 2007-1, Asset-Backed Certificates, Series 2007-1 ("Wells Fargo," and collectively, "defendants"), seeking declaratory relief and asserting claims for fraudulent misrepresentation, intentional infliction of financial injury and emotional distress, mail fraud (in violation of 18 U.S.C. § 1341), and engaging in monetary transactions in property derived from unlawful activity (in violation of 18 U.S.C. § 1957). (ECF No. 70.) Plaintiffs' claims relate to the alleged execution and recording of fraudulent security instruments in connection with plaintiffs' property in Valley Stream, New York.

On August 4, 2017, defendants moved to dismiss plaintiffs' amended complaint. (ECF

Nos. 77-85.)[1] Plaintiffs filed their opposition to defendants' motions to dismiss, along with a cross-motion for partial declaratory judgment, on September 19, 2017. (ECF No. 88.) On October 6, 2017, the Court referred defendants' motions to dismiss and plaintiffs' cross-motion for partial declaratory judgment to Magistrate Judge Anne Y. Shields for a Report and Recommendation. (ECF No. 92.) Following the Court's referral of the pending motions to Judge Shields, the parties submitted additional filings regarding procedural deficiencies with respect to plaintiffs' cross-motion. (*See* ECF Nos. 102, 107, 108, 110, 111, and 112.)

On January 19, 2018, Judge Shields issued a Report and Recommendation ("R&R," ECF No. 114), recommending that the motions be granted in part and denied in part. Specifically, Judge Shields recommended that the Court: (i) grant the individual defendants' motions to dismiss with prejudice; (ii) grant the motions to dismiss filed by ADS, DocX, Black Knight, LPS, and Wells Fargo (collectively, the "corporate defendants") as to plaintiffs' causes of action under Title 18 for mail fraud and engaging in monetary transactions in property derived from unlawful activity with prejudice; and (iii) deny the corporate defendants' motions to dismiss as to plaintiffs' remaining claims and plaintiffs' cross-motion for declaratory judgment without prejudice and with leave to be re-filed in accordance with the Local Civil Rules. For the reasons set forth below, after *de novo* review, the Court adopts the well-reasoned and thorough R&R in its entirety.[2]

---

[1] Breuninger, Johnson, and Wells Fargo each filed separate motions to dismiss (ECF Nos. 77-78, 79-80, and 83-85, respectively); ADS, DocX, Black Knight, and LPS jointly moved to dismiss (ECF Nos. 81-82).

[2] As discussed *infra*, the Court clarifies that plaintiffs' claims against the individual defendants are dismissed without leave to amend in this action, but without prejudice to plaintiffs filing claims against the individual defendants in a forum with personal jurisdiction. In addition, the corporate defendants' motions to dismiss as to the non-Title 18 claims and plaintiffs' cross-motion for partial declaratory judgment are simply denied with leave to

## I. Standard of Review

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). As to those portions of a report to which no "specific written objections" are made, the Court may accept the findings contained therein, as long as the factual and legal bases supporting the findings are not clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). When "a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review." *Jeffries v. Verizon*, 10-CV-2686 (JFB)(AKT), 2012 WL 4344188, at *1 (E.D.N.Y. Sept. 21, 2012); *see also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## II. The Parties' Responses to the R&R

Plaintiffs submitted objections to the R&R on February 16, 2018.[3] (ECF No. 126.)

---

refile the motions in accordance with the Local Civil Rules.

[3] Plaintiffs submitted a letter requesting an extension of time to file objections to the R&R on January 30, 2018. (ECF No. 125.) On February 1, 2018, the Court granted plaintiffs an extension of time, until February 16, 2018, to

3

Plaintiffs' objections primarily supplement or clarify facts, or correct purported factual errors, in the "Background" section of the R&R and are unrelated to the merits of the R&R. Plaintiffs did not object to the portion of the R&R recommending that the Court dismiss their causes of action under Title 18 with prejudice. With respect to the portion of the R&R recommending that the Court dismiss plaintiffs' claims against the individual defendants for lack of personal jurisdiction, plaintiffs argue that this Court has jurisdiction over Johnson and Breuninger under New York's agency theory of personal jurisdiction. Plaintiffs also argue that, in the event the Court dismisses plaintiffs' claims against the individual defendants for lack of personal jurisdiction, the Court's Order should not preclude plaintiffs from bringing claims against the individual defendants in their respective domiciles.

Defendants did not object to the R&R, but they filed responses to plaintiffs' objections. Defendant Wells Fargo submitted a letter response on February 22, 2018, agreeing with Judge Shields's recommendation that the Court deny plaintiffs' cross-motion and noting that it anticipates re-filing its motion to dismiss for a determination on the merits in accordance with the R&R. (ECF No. 127.) Defendants ADS, Johnson, Breuninger, Black Knight, DocX, and LPS submitted a joint opposition to plaintiffs' objections on March 2, 2018, arguing that the Court should adopt the R&R in its entirety. (ECF No. 129.)

On March 13, 2018, plaintiffs' submitted another letter to this Court. (ECF No. 130.) Plaintiffs first argue in the letter that the Court should reject the defendants' responses to their objections because such responses are not specifically authorized by the Local Civil Rules. In

---

submit their objections to the R&R.

the remainder of the letter, plaintiffs argue the merits of their opposition to the corporate defendants' motions to dismiss and cross-motion for partial declaratory judgment. Plaintiffs did not further object to the R&R.

The Court has fully considered the parties' submissions.[4]

### III. Analysis

Having reviewed the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the thorough and well-reasoned R&R. First, the Court agrees with the R&R's recommendation that, except as specified below, the Court deny the corporate defendants' motions to dismiss and plaintiffs' cross-motion for partial declaratory judgment with leave to be refiled in accordance with the Local Civil Rules. As Judge Shields explained in the R&R, this result is necessary in order to ensure that the parties' arguments are fairly represented and fully litigated and the Court is able to properly evaluate the claims on the merits.

Second, the Court also agrees with the R&R's recommendation that plaintiffs' claims under Title 18 for mail fraud and engaging in monetary transactions in property derived from unlawful activity must be dismissed with prejudice. The R&R correctly explained that in order to bring a civil cause of action under Title 18, the statute must include an express or implied private right of action, and there are no private rights of action for claims under § 1341 and § 1957. *Weinstein v. City of New York*, No. 13 Civ. 06301(LGS), 2014 WL 1378129, at *4 (S.D.N.Y. Apr. 8, 2014) (collecting cases). Accordingly, plaintiffs cannot sustain claims against defendants under 18 U.S.C. §§ 1341 or 1957.

---

[4] Although the Court notes that plaintiffs request that the Court reject defendants' responses to their objections to the R&R, the Court, in its discretion, declines to do so. In any event, even assuming *arguendo* that the Court did not consider defendants' responses, the Court would still adopt the R&R for the reasons set forth herein.

Finally, after a *de novo* review, the Court also determines that plaintiffs' claims against the individual defendants must be dismissed for lack of personal jurisdiction. In their objections, plaintiffs argue that there is personal jurisdiction over the individual defendants under "New York's long-arm statute via the Corporate Defendants' agency actions in the State of New York." (ECF No. 126 at 18.) As set forth in the R&R, in order to establish personal jurisdiction over an out-of-state corporate officer for the corporation's actions, a plaintiff must show that the corporate office was a "'primary actor[] in the transaction in New York' that is the source of th[e] litigation, and [was] not 'some corporate employee[] . . . who played no part in'" the transaction. *Retail Software Servs., Inc. v. Lashlee*, 854 F.2d 18, 22 (2d Cir. 1988) (quoting *Kreutter v. McFadden Oil Corp.*, 522 N.E.2d 40, 45 (N.Y. 1988)).

The Court agrees with the R&R's finding that plaintiffs fail to make that showing here. As Judge Shields points out, plaintiffs' amended complaint is devoid of any facts linking the individual defendants to the alleged transactions in New York. In addition, plaintiffs' objections merely repeat the legal standard for personal jurisdiction and likewise assert in conclusory terms that there is personal jurisdiction over the individual defendants because they "were in high level positions . . . in which they exercised sufficient control over the actions of the corporate defendants in the State of New York." (ECF No. 126 at 19.) However, "[c]onclusory allegations that the corporate officers exercised control over the corporation by virtue of their title or position within the corporation . . . do not suffice." *Shostack v. Diller*, No. 15–CV–2255 (GBD)(JLC), 2015 WL 5535808, at *5 (S.D.N.Y. Sept. 16, 2015) (holding plaintiff "failed to establish a *prima facie* case for personal jurisdiction" over individual defendants when plaintiff "assert[ed] no facts alleging that the individual defendants had any direct involvement in the

actions giving rise to th[e] litigation"); *see also Karabu Corp. v. Gitner*, 16 F. Supp. 2d 319, 325-26 (S.D.N.Y. 1998) (concluding no personal jurisdiction over individual defendants when complaint was "completely devoid of any factual specificity indicating how each of the [individual] defendants participated in the allegedly tortious conduct or what role they each played"). Accordingly, for the reasons set forth in the R&R, the Court concludes that plaintiffs have failed to make a prima facie showing of personal jurisdiction over the individual defendants.

As noted above, plaintiffs also assert in their objections that the Court's dismissal of their claims against the individual defendants for lack of personal jurisdiction should not preclude plaintiffs from filing actions against the individual defendants in their respective domiciles. The Court agrees, and clarifies that the Court's dismissal of plaintiffs' claims against the individual defendants is without leave to amend in this action, but without prejudice to plaintiffs bringing their claims in another forum with personal jurisdiction. *See Vandor, Inc. v. Militello*, 301 F.3d 37, 38-39 (2d Cir. 2002) (per curiam) ("[A]bsent jurisdiction 'federal courts do not have the power to dismiss *with prejudice*.'" (quoting *Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 122 (2d Cir. 1999))).

### IV. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that the Court adopts the thorough and well-reasoned R&R (ECF No. 114) in its entirety. Accordingly, the pending motions are granted in part and denied in part as follows:

(1) Breuninger's and Johnson's motions to dismiss (ECF Nos. 77, 79) are granted, and plaintiffs' claims against the individual defendants are dismissed without prejudice;

7

(2) The corporate defendants' motions to dismiss (ECF Nos. 81, 83) are granted as to plaintiffs' claims under 18 U.S.C. §§ 1341 and 1957, and those claims are dismissed with prejudice; and

(3) The corporate defendants' motions to dismiss as to plaintiffs remaining claims (ECF Nos. 81, 83) and plaintiffs' cross-motion for partial declaratory judgment (ECF No. 88) are denied with leave to be refiled in accordance with the Local Civil Rules.[5]

SO ORDERED.

Dated: March 16, 2018
Central Islip, New York

Joseph F. Bianco
United States District Judge

---

[5] For the same reasons, plaintiffs' letter motion requesting to submit a Rule 56.1 Statement of Material Facts (ECF No. 107) is denied. Plaintiffs are granted leave to refile their cross-motion for partial declaratory judgment, along with any required supporting documents, in accordance with the Local Civil Rules.