UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
ISAAC LEVIN and OFRA LEVIN,

                                  Plaintiffs,

        -against-

AMERICAN DOCUMENT SERVICES, LLC,
TODD C. JOHNSON, JOYCE BREUNINGER,
LENDER PROCESSING SERVICES, INC.,
DOCX, LLC, BLACK KNIGHT FINANCIAL
SERVICES, and WELLS FARGO BANK, N.A.,
as TRUSTEE FOR OPTION ONE MORTGAGE
LOAN TRUST 2007-1, ASSET-BACKED
CERTIFICATES, SERIES 2007-1,

                                Defendants.
---------------------------------------------------X

**ORDER**
CV 17–1285 (JFB)(AYS)

**SHIELDS, Magistrate Judge,**

      On September 30, 2018, <u>pro se</u> plaintiffs Isaac Levin and Ofra Levin (the "Levins" or "Plaintiffs") filed the instant motion requesting that the undersigned recuse herself from Plaintiffs' pending case. <u>See</u> Docket Entry ("DE") [148]. The defendants in the instant action did not respond to Plaintiffs' motion. For the reasons set forth below Plaintiffs' motion is denied.

      The Court construes Plaintiffs' motion to seek recusal of the undersigned pursuant to 28 U.S.C. § 455(a). That section provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." The Second Circuit has stated that, in evaluating a recusal motion, the court must ask the following question: "[w]ould a reasonable person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned? Or, phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" <u>United States v. Amico</u>,

486 F.3d 764, 775 (2d Cir. 2007) (citations omitted). In this analysis, "the trial judge must carefully weigh the policy of promoting public confidence in the judiciary against the possibility that those questioning his impartiality might be seeking to avoid the adverse consequences of his presiding over their case." In re Drexel Burnham Lambert, Inc., 861 F.2d 1307, 1312 (2d Cir. 1988). Disqualification is not required with regards to interests that are "remote, contingent, indirect or speculative." In re Aguinda, 241 F.3d 194, 201 (2d Cir. 2001). Further, "where the standards governing disqualification have not been met, disqualification is not optional; rather, it is prohibited." Id. As this Circuit has stated, "[a] judge is as much obliged not to recuse himself when it is not called for as he is obligated to when it is." Id. (quoting In re Drexel Burnham Lambert, Inc., 861 F.2d at 1312).

Plaintiffs claim that the Court's bias against them stems from the service of a 2018 summer judicial intern, who Plaintiff alleges "was a paralegal and perhaps is still a paralegal" at a law firm representing one of the defendants in this matter. DE [148]. Plaintiffs believe that this is a conflict of interest and therefore "believe they are entitled to a new magistrate judge." Id.

Plaintiffs' claim of bias fails to satisfy the test for personal bias or the appearance-of-justice test. It is true that this Court had 2018 summer judicial legal interns. Judicial legal interns, just like a judge's staff or a judge themselves, come from a variety of backgrounds and experiences. The one common thread among all is that during their service with the judiciary, regardless of whether they are a legal intern or a law clerk, their only legal service is with the judiciary. Therefore, no legal intern was employed by any law firm while working with this Court.

Next, Plaintiffs' claim that a summer legal intern's work experience would somehow sway the undersigned is preposterous. While this Court welcomes legal interns, it views their

2

service as a learning experience. An extension of the law school experience. Not a forum to promote their views, beliefs, or personal experiences. Therefore, the mere fact that a summer legal intern at some point worked at a law firm that represents one of the Defendants in this matter is not grounds for disqualification.

For the reasons set forth above, Plaintiffs' motion to disqualify is denied.


Dated: Central Islip, New York
       November 8, 2018

                                                     /s/ Anne Y. Shields
                                                    Anne Y. Shields
                                                    United States Magistrate Judge